IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO ARROYO MALDONADO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 04-2119 (PG)
(CRIMINAL 97-245 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is a pro se petition for post-conviction relief filed by Eduardo Arroyo Maldonado ("petitioner") pursuant to 28 U.S.C. § 2255. (Docket No. 1, October 18, 2004.) On February 5, 1998, petitioner was among the defendants charged in a superceding indictment by a grand jury sitting in the District of Puerto Rico, with conspiring to possess with intent to distribute and import into the United States from a place outside thereof, 1,000 kilograms of cocaine, 5 kilograms of heroin, and 5,000 pounds of marijuana, in violation of 21 U.S.C. § 846. (Criminal No. 97-245, Docket No. 119.) The trial began on August 30, 1999 and on the 21st day of trial, October 1, 1999, the petitioner was found guilty as charged. On March 24, 2000, petitioner was sentenced to a term of imprisonment of 324 months, a supervised release term of 20 years, and a special monetary assessment of $100. (Id., Docket No. 637.) On February 7, 2003, the court of appeals affirmed petitioner's conviction. United States v. Nelson-Rodríguez, 319 F.3d 12 (1st Cir. 2003). The United States Supreme Court denied review of petitioner's case on October 6, 2003. Arroyo-Maldonado v. United States, 540 U.S. 831 (2003). This case was filed slightly over a year after.

CIVIL 04-2119 (PG)                                              2
(CRIMINAL 97-245 (PG))

Petitioner moves under 28 U.S.C. § 2255 to vacate his sentence or to set aside judgment. (See Memorandum of Law in Support of 2255 Motion, Docket No. 3.) Petitioner raises four claims, all of which claims were considered and resolved by the court of appeals. He raises the issue of the court's determining drug amount and type for purposes of sentencing. He argues that the applicable sentencing statute is unconstitutional. He argues that his rights were violated in the application of the Sentencing Guidelines, and he argues that his rights were violated when the trial court did not give an instruction to the jury regarding his theory of defense, that is, that a defendant cannot conspire with a government agent or informant. The United States responded, opposing petitioner's motion on March 18, 2005. (Docket No. 8.) Having reviewed the record before me, and the argument, it is my recommendation that petitioner's meritless motion for post-conviction relief be DENIED without evidentiary hearing.

## FACTUAL BACKGROUND[1]

The relevant facts of petitioner's case are as follows:

Petitioner Eduardo Arroyo Maldonado and twelve others were charged in an indictment with participating in a conspiracy to possess with intent to distribute and import large amounts of cocaine, marijuana and heroin. Specifically, and at a minimum, petitioner participated at a meeting with another defendant and an informant where the discussion involved importing about 1,100 kilograms of cocaine from Venezuela to Puerto Rico. Two days later, the three went to a beach where the load would be imported. After other overt acts were performed by

---

[1] The factual background to petitioner's case is recited by the First Circuit in United States v. Nelson-Rodríguez, 319 F.3d 12 (1st Cir. 2003).

CIVIL 04-2119 (PG)                              3
(CRIMINAL 97-245 (PG))

petitioner, he demanded $1,000,000 for his services. This request turned out to be too much for another co-defendant and petitioner was asked to leave the enterprise.

## DISCUSSION

Section 2255 provides for post-conviction relief when (1) the sentence was imposed in violation of the Constitution or laws of the United States, or (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law, and (4) the sentence is otherwise subject to collateral attack. See Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). "A cognizable section 2255 claim must reveal 'exceptional circumstances' that make the need for redress evident." See David v. United States, 134 F.3d at 474 (citing Hill v. United States, 368 U.S. at 428).

"[A] '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently -incredible.'"" United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (citing Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)); see Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978); see also Rule 4(b), Rules Governing Section 2255 Proceedings. "[D]efendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief. … This includes the burden of showing that they are entitled, if they claim it, to an evidentiary hearing." United States v. DiCarlo, 575 F.2d at 954 (citing Coon v. United States, 441 F.2d 279, 280 (5th Cir. 1971)).

CIVIL 04-2119 (PG)                                    4
(CRIMINAL 97-245 (PG))

### I. The Fifth Amendment and Apprendi Violations

Against the above backdrop, the court of appeals had no problem dismissing petitioner's challenge to the sufficiency of the evidence. The court found that the record amply supported the existence of a large drug-trafficking organization as well as petitioner's participation in the same. United States v. Nelson-Rodríguez, 319 F.3d at 25, 28-29. The conspiracy, as well as the object of the conspiracy, the quantity of narcotics involved in it and the roles of the members of the conspiracy were all specified in the indictment and the issue of jury instructions relating to the notion that a defendant cannot conspire with an informant or government agent was considered by the court of appeals and resolved. Id. at 39. Petitioner argues in his brief that Rivera and he were on one side of the discussion and the informant was on the other, thus squeezing himself into the myopic and misleading argument that there were two sides to the negotiations. The argument taxes credulity and I am at a loss how to address this invention of first impression.

Next is petitioner's argument that he was convicted and sentenced in violation of the principles announced by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). I give a short overview of the application of Apprendi to the particular drug conspiracy statute.

Title 21 U.S.C. § 841(a)(1), makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance …. " 21 U.S.C. § 841(a)(1). The penalties applicable for such violations are set forth in section 841(b). The statute provides for increased penalties based on considerations of drug type and quantity. See United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, 534 U.S. 889 (2001); United States v. Doggett, 230 F.3d 160, 164 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001); United States

CIVIL 04-2119 (PG)                                   5
(CRIMINAL 97-245 (PG))

v. Berdecía, 143 F. Supp. 2d 190, 190 (D.P.R. 2001).  Before Apprendi, and as interpreted by the circuit courts, it was Congress' intent that the prosecution establish to the jury beyond a reasonable doubt the elements outlined in section 841(a). The elements of the penalty provisions outlined in section 841(b), however, would be applied under the less stringent preponderance standard by the sentencing judge. United States v. Brough, 243 F.3d at 1079; see also United States v. Jackson, 207 F.3d 910, 920 (7th Cir.) (describing Congress' intent to have type and quantity of drugs used as sentencing factors by the judge), certiorari granted in part, 531 U.S. 953 (2000), remanded, 236 F.3d 886 (7th Cir. 2001).

It was long settled that drug quantity is not an element of the offense, but rather a sentencing factor to be determined by the sentencing court by a preponderance of the evidence. United States v. Eirby, 262 F.3d 31, 36 (1st Cir. 2001); United States v. Lindia, 82 F.3d 1154, 1161 n.6 (1st Cir. 1996); United States v. Mabry, 3 F.3d 244, 250 (8th Cir. 1993); United States v. Moreno, 899 F.2d 465, 472-73 (6th Cir. 1990). However, in Jones v. United States, 526 U.S. 227 (1999), the Supreme Court questioned the "constitutionality of enhancing penalties through judicial findings by a preponderance of the evidence." United States v. Angle, 230 F.3d 113, 121 (4th Cir. 2000), aff'd in part, vacated in part by 254 F.3d 514, 517 (4th Cir. 2001); see Jones v. United States, 526 U.S. at 243 n.6.  Nevertheless, circuit courts interpreted Jones v. United States "as a suggestion rather than an absolute rule. Thus, they continued to view drug quantity as a sentencing factor." United States v. Angle, 230 F.3d at 122; see also United States v. Thomas, 204 F.3d 381, 384 (2nd Cir. 2000), cert. granted and judgment vacated by 531 U.S. 1062 (2001); United States v. Williams, 194 F.3d 100, 107 (D.C. Cir. 1999), cert. denied, 531 U.S.

CIVIL 04-2119 (PG)                                              6
(CRIMINAL 97-245 (PG))

1178 (2001); United States v. Jones, 194 F.3d 1178, 1186 (10th Cir. 1999), cert. denied and judgment vacated by 530 U.S. 1271 (2000).

In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. at 490; see also United States v. Mojica-Báez, 229 F.3d 292, 306 (1st Cir. 2000), cert. denied, 532 U.S. 1066 (2001); Sustache-Rivera v. United States, 221 F.3d 8, 14-15 (1st Cir. 2000), cert. denied, 532 U.S. 924 (2001). Yet, the Apprendi Court made clear that judicial discretion can be exercised when imposing sentence within statutory limits prescribed by a legislature and facts found by a jury. Apprendi v. New Jersey, 530 U.S. at 481-82. The required examination of the issue raised by petitioner focuses on one question— "does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" Apprendi v. New Jersey, 530 U.S. at 494. In response, no Apprendi violation occurs if the district court sentences the defendant within the prescribed statutory range "even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed." United States v. Robinson, 241 F.3d 115, 119 (1st Cir.), cert. denied, 534 U.S. 856 (2001); United States v. Caba, 241 F.3d 98, 100-01 (1st Cir. 2001); United States v. Baltas, 236 F.3d 27, 41 (1st Cir.), cert. denied, 532 U.S. 1030 (2001).

"[I]f the judge-made factual determination merely narrows the judge's discretion within the range already authorized by the offense of conviction, then no Apprendi violation occurs." United States v. Baltas, 236 F.3d at 41; United States

CIVIL 04-2119 (PG)                                           7
(CRIMINAL 97-245 (PG))


v. Robinson, 241 F.3d at 119. However, an Apprendi violation did occur. Nevertheless, the appeals court noted the following:

> Arroyo's sentence of 324 months was ... contrary to Apprendi because it exceeded the ten-year default statutory maximum for prior offenders. Arroyo did not raise an Apprendi claim before the district court, and review is for plain error. Arroyo, who was replaced as Rivera's lieutenant when he demanded a million dollars, was connected only to the first planned importation, involving 1,100 kilograms of cocaine. The jury could have convicted him only on this basis. Arroyo did not dispute at trial the drug type or amount involved in this planned importation, nor does he dispute these facts on appeal. Moreover, no jury could have failed to find beyond a reasonable doubt that the conspiracy involved some amount of cocaine, triggering a maximum sentence of thirty years. CI Hernández testified in great detail about their plans to import 1,100 kilograms of cocaine, and CI Díaz testified to some of the same facts. There was no plain error.

United States v. Nelson Rodríguez, 319 U.S. at 49. I need not smooth the ice. The Apprendi argument is a non-issue, having been conclusively resolved against petitioner on direct appeal.

## II. Ineffective Assistance of Counsel

Petitioner attacks the actions of the court but does not address the actions of his attorney. I address this issue although petitioner does not, only because I want to make it clear that the attorney's representation did not amount to a Sixth Amendment violation.

The Ineffective Assistance Standard

A claim of ineffective assistance of counsel is a constitutional violation that may be raised by way of a 2255 motion. See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996). To be successful in an ineffective assistance of counsel challenge, a petitioner must allege that the deficiencies in the performance of trial counsel assumed unconstitutional dimensions. Barrett v. United States, 965 F.2d at 1193.

CIVIL 04-2119 (PG)                              8
(CRIMINAL 97-245 (PG))

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). The Court in Strickland established that the determination of whether an attorney's performance requires the reversal of a conviction or sentence must be resolved applying a two-prong test. Id. at 687. First, petitioner must show that counsel's performance was deficient by in turn "showing that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, it must be shown that petitioner was prejudiced by such deficient performance. Id. In order to establish a deficient performance, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To show prejudice, on the other hand, petitioner has to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001).

The court of appeals noted the following:

> Arroyo argues error in the attribution of 1,200 kilograms of cocaine to him because the government did not show that he had the capability to transport such a large amount of cocaine. Arroyo argues that the government never proved that Arroyo owned a boat that could be used to bring the cocaine to Puerto Rico. Under the sentencing guidelines, if a planned drug transaction does not take place, the sentencing court should base the defendant's drug-quantity finding on the negotiated amount of drugs, in this case 1,200 kilograms. See U.S.S.G. § 2D1.1, cmt. n.12. However, the court can use a lower amount if "the defendant establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance." Id. Thus the burden is on Arroyo to show that

CIVIL 04-2119 (PG)                               9
(CRIMINAL 97-245 (PG))

> he was not capable of transporting 1,200 kilograms of cocaine. Arroyo has not met his burden in this case and there was no clear error.

United States v. Nelson-Rodriguez, 319 F.3d at 56.

Where prejudice is lacking, the court does not have to determine whether counsel's performance was deficient. See Strickland v. Washington, 466 U.S. at 697.

In relation to the jury instruction that was not given, the appellate court noted the following:

> Arroyo appeals the district court's refusal of his requested jury instruction that a conspiracy conviction is not possible if the defendant conspired only with government agents or informants. This legal point, while true, is inapplicable to the case against Arroyo. When there are at least two "true" conspirators, the involvement of a government agent or informant does not defeat the true conspirators' culpability. See United States v. Giry, 818 F.2d 120, 126 (1st Cir. 1987). The evidence at trial showed that Arroyo joined in meetings with not only CI Hernandez and Agent Rosa, but also Rivera. His unsupported suggestion that he and Rivera should be counted as each independently conspiring with the CIS and the undercover agent is unavailing.

United States v. Nelson-Rodriguez, 319 F.3d at 39.

## CONCLUSION

After carefully reviewing the submissions of petitioner and the response of the government, I find that petitioner's contentions lack merit. All of the issues raised on collateral attack were considered by the court of appeals and resolved against petitioner. He has raised nothing new, as though his appellate brief was minimized, rehashed, and deposited for the court to look at. Petitioner has not even perfected a Sixth Amendment claim against his attorney, whose performance in any event was more than adequate. Finally, I address the issue of the motion's being untimely since the United States has raised the defense of limitations in its pleading.

CIVIL 04-2119 (PG)                                    10
(CRIMINAL 97-245 (PG))

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997). The current petition was filed over a year from the date petitioner's sentence became final.

In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgement of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

There is no evidence that the government has created any impediment as to preclude petitioner from making a motion under section 2255, or that there exists a newly recognized right made retroactively applicable by the Supreme Court. Certiorari was denied on October 6, 2003 and the action was filed in this court on October 18, 2004, according to the docket. At first blush, the argument of the United States, that the petition is time-barred, is correct. However, the prisoner signed his petition on October 5, 2004 and deposited the same in the prison mail

CIVIL 04-2119 (PG)                                11
(CRIMINAL 97-245 (PG))

system on October 6, 2004, which was indeed the last date of the filing period. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); Morales Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). Notwithstanding the timeliness of the motion to vacate sentence, it is my recommendation that petitioner's motion for post-conviction relief be DENIED.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 1st day of June, 2005.

                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge